**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
JUL 03 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>CSK AUTO INC; et al.,<br><br>  Defendants - Appellees. | No. 04-35699<br><br>D.C. No. CV-04-00012-RRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted April 13, 2006**

Before:   SILVERMAN, McKEOWN, and PAEZ, Circuit Judges.

Terry L. Smith appeals pro se from the district court's judgment dismissing his diversity action for failure to state a claim upon which relief can be granted. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district

---

   *   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

   **   The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Accordingly, Smith's request for oral argument is denied.

court's order denying a motion to remand to state court and an order granting a motion to dismiss. *ARCO Envtl. Remediation L.L.C. v. Dept. of Health & Envtl. Quality*, 213 F.3d 1108, 1111 (9th Cir. 2000) (motion to remand); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998) (motion to dismiss). We affirm.

Smith contends he should be allowed to amend his complaint to reduce his request for damages to less than $75,000 and thereby divesting the federal court of subject matter jurisdiction. This contention is unavailing because the existence, or non-existence, of the required amount in controversy is determined at the time the action is commenced in federal court, or arrives there by way of removal from state court. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Consequently, the district court correctly denied Smith's motion to remand.

Smith also contends that his case should be remanded to state court because R&R Industries, Inc. ("R&R), an original co-defendant, did not join in CSK Auto Inc.'s ("CSK") removal notice. Even if Smith is correct, this argument fails because R&R was dismissed from the case by stipulation before judgment was entered and, therefore, any potential procedural defect in CSK's removal was cured prior to entry of judgment. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th

Cir. 1998) ("a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court").

Finally, the district court properly dismissed Smith's action for failure to state a claim upon which relief can be granted. The Alaska Workers Compensation Act ("AWCA") provides the exclusive remedy for injuries incurred by an employee during the course of employment. *See* AS 23.30.055. The remedies provided are in lieu of all rights and remedies as to a particular injury, whether at common law or otherwise, including circumstances where an employer willfully and unlawfully violates government safety regulations. *See Fenner v. Munic. of Anchorage*, 53 P.3d 573, 576 (Alaska 2002). Smith seeks damages related solely to his workplace injury and, therefore, is limited to recovery under the AWCA. *See id.* at 577 (noting that the only exception to this exclusive remedy is an intentional tort where an employer has the specific intent to injure an employee).

Smith's remaining contentions lack merit.

**AFFIRMED.**